**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KATHY LYNN CARTER,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-21-0485-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>    Agency. | DATE: May 1, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kathy Lynn Carter</u>, Brandywine, Maryland, pro se.

<u>Kevin Greenfield</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal.  For the reasons set forth below, we DISMISS the appellant's petition for review as moot.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

¶2    The appellant was formerly employed as a GS-9 Acquisition and Financial Support Specialist with the agency. Initial Appeal File (IAF), Tab 13 at 10. On May 21, 2021, the agency issued a decision removing the appellant based on a charge of absence without leave with 21 specifications, and a charge of failure or delay in carrying out written regulations, orders, rules, procedures, or instructions, with 23 specifications.[3] IAF, Tab 13 at 18-24.

¶3    The appellant filed a Board appeal challenging her removal, and in an October 28, 2021 initial decision, the administrative judge sustained both charges and all of the underlying specifications, determined that the appellant failed to prove her harmful procedural error affirmative defense, found a nexus between the sustained charges and the efficiency of the service, and concluded that the removal penalty did not exceed the tolerable limits of reasonableness. IAF, Tab 18, Initial Decision (ID) at 3-18. Accordingly, the administrative judge affirmed the removal action and notified the parties that the initial decision would become final on December 2, 2021, unless either party filed a petition for review by that date. ID at 1, 20.

¶4    The appellant filed a petition for review of the initial decision through the Board's e-Appeal Online system on December 3, 2021, at 12:23 a.m., 23 minutes after the deadline for doing so. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board issued a letter to the appellant acknowledging her petition for review, explaining that it appeared untimely, and providing the appellant with an opportunity to submit a motion concerning timeliness on or before December 18, 2021. PFR File, Tab 3 at 1-2, 7-8 (citing 5 C.F.R. § 1201.114(g)). The appellant failed to submit a motion or any other response to the Office of the Clerk's letter.

---

[3] The agency subsequently issued an amended decision letter on May 24, 2021, which still sustained the removal but changed the effective date from May 21, 2021, to June 4, 2021. IAF, Tab 13 at 11-17.

¶5    On December 27, 2021, twenty-four days after the appellant's filing of her untimely petition for review with the Board, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) notified the Board that the appellant filed a pleading asking the court to review her Board appeal.  Notice of Docketing, *Carter v. Department of Defense*, No. 2022-1305 (Fed. Cir. Dec. 27, 2021).  On June 14, 2022, the Federal Circuit issued a decision that deemed the initial decision in this appeal the Board's final decision because the appellant failed to file a petition for review with the Board within 35 days.  *Carter v. Department of Defense*, No. 2022-1305, 2022 WL 2128592, at *2 (Fed. Cir. June 14, 2022), *cert. denied*, 143 S. Ct. 490 (2022).  The court further found that the administrative judge's findings sustaining the agency removal action, that the agency established nexus, and that the removal penalty was reasonable were all supported by substantial evidence.  *Id.* at *4-5.  Consequently, the court concluded that the Board's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law, and affirmed the decision.[4]  *Id.* at *1.

¶6    A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case.  *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016).  An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant.  *Id.*

¶7    Here, the Federal Circuit's opinion affirming the final Board decision has rendered the appellant's petition for review with the Board moot.  The court acknowledged that the appellant's petition for review with the Board was untimely and further found that the administrative judge correctly affirmed the agency removal action.  *Carter*, No. 2022-1305, 2022 WL 2128592, at *1-2.  In light of that intervening event—a decision by the Federal Circuit—it is not

[4] The appellant filed a petition for panel rehearing, which the court denied in a per curiam order dated July 14, 2022.  Order Denying Petition for Panel Rehearing, *Carter v. Department of Defense*, No. 2022-1305 (Fed. Cir. July 14, 2022).

necessary for us to further consider the timeliness of the appellant's petition or the administrative judge's finding affirming the removal action. Accordingly, we dismiss the petition for review as moot.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.